IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT DALE BREITMEYER,**                              CV. 10-1187 RE

                            Plaintiff,                **OPINION AND ORDER**

            v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                    Defendant.

**REDDEN**, Judge:

Plaintiff Robert D. Breitmeyer ("Breitmeyer"), brings this action to obtain judicial review

of a final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") disability benefits under Titles II and XVI of the Social Security Act.  For the reasons set

forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

## BACKGROUND

Born in 1956, Breitmeyer has completed a general educational development ("GED") diploma and has worked as a cab driver, cashier, dishwasher, glass installer, and packager of electrical parts. In October 2008, Breitmeyer filed applications for disability insurance benefits alleging disability since November 30, 2000, due to neck injury and surgery. His application was denied initially and upon reconsideration. On April 13, 2010, a hearing was held before Administrative Law Judge ("ALJ") Elliot. In a decision dated April 28, 2010, the ALJ found Breitmeyer disabled as of May 19, 2006. Breitmeyer's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Breitmeyer now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Breitmeyer had medically determinable severe impairments of degenerative disc disease of the cervical spine and a disc fusion. The ALJ found that these impairments did not meet or medically equal a listed impairment.

The ALJ determined that from November 30, 2000, through May 18, 2006, Breitmeyer retained the residual functional capacity to perform sedentary work, limited to lifting and carrying up to 10 pounds, to working up to 4 hours standing during an 8 hour day, with no overhead work. The ALJ found he was restricted to simple or semiskilled work.

The ALJ determined that since November 30, 2000, Breitmeyer was not able to perform his past relevant work. On May 19, 2006, the ALJ found that Breitmeyer's age category changed

2 - OPINION AND ORDER

from a younger individual to an individual closely approaching advanced age, and based on the new age category, the ALJ found that, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs in significant numbers that he could perform. However, prior to May 19, 2006, considering the same issues, the ALJ found that there were significant numbers of jobs that plaintiff could perform, citing those identified by the vocational expert, including small product assembler, semi conductor wafer breaker, and microfilm document preparer. Because the claimant was found disabled on May 19, 2006, which is after his last date insured, he is not eligible for disability insurance benefits.

The medical records in this case accurately set out Breitmeyer's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Breitmeyer contends that the ALJ erred by: (1) finding him not fully credible; (2) improperly rejecting the opinion of an examining physician; and (3) relying on erroneous Vocational Expert ("VE") testimony. Because this matter is remanded on other grounds, the court need not reach the third argument.

### I. Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a); 416.929(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ

must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)(citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995)(citing *Bunnell v. Sullivan,* 947. F.2d 341, 345-46 (9th Cir. 1991)(*en banc)).*

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen,* 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2005).

The ALJ noted that Breitmeyer's credibility was undermined by a lack of objective evidence. Tr. 17-20. The ALJ found plaintiff's assertion of disabling chronic pain was inconsistent with his daily activities. Tr. 20. He noted that the imaging results (MRI and x-rays) did not support plaintiff's alleged functional limitations. Tr. 18-19. The ALJ found that "while the claimant asserts numerous subjective complaints, the record reveals he received only conservative and routine treatment." Tr. 19. He was prescribed only Ibuprofen for pain. *Id.* The ALJ cited Breitmeyer's non-compliance with recommended treatment, and noted the claimant's sporadic work history prior to his alleged onset date. Tr. 17, 19.

4 - OPINION AND ORDER

The ALJ identified clear and convincing reasons to find Breitmeyer not entirely credible as to his functional limitations.

## II.. __The Examining Physician__

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Daryl Birney, Ph.D. completed a Neuropsychological Screening of Breitmeyer on December 19, 2008, which included numerous tests. Tr. 304. Dr. Birney diagnosed cognitive disorder nos, and dysthymic disorder, and stated that Breitmeyer had "mildly"diminished processing speed. Tr. 305. Dr. Birney cited test results indicating that "[p]rocessing speed, visual scanning, and recognizing essential missing parts are all poor." Tr. 306. He assessed a GAF[1] of 55.

---

[1]     The GAF scale is a tool for "reporting the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n., Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 2000)). It is essentially a scale of zero to 100 in which the clinician considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness," not including impairments in functioning due to physical or environmental limitations. *Id* at 34. A Global Assessment of Functioning ("GAF") score between 51 and 60 indicates "[m]oderate symptoms (e.g. flat affect and circumstantial speech, occasional panic

The ALJ reviewed Dr. Birney's opinion, and noted that plaintiff had been treated for mental impairments periodically. Tr. 17. Breitmeyer had been in counseling briefly in 2004, but told Dr. Birney he "didn't think it was helpful and [he] didn't like the medication that was prescribed so he stopped going." Tr. 17, 305. The ALJ noted that Dr. Birney did not consider whether Breitmeyer's limitations would continue if he obtained proper treatment, and that his conclusions were not consistent with the claimant's daily activities. Tr. 17.

The ALJ found that Dr. Birney's uncontested assessment was inconsistent with Breitmeyer's cooking, housekeeping, shopping, learning to play the guitar, and caring for his young son. Tr. 17, 19. This is not accurate because there is lay testimony that Breitmeyer performed these activities slowly. Tr. 186-93. Moreover, Sandra Lundblad, Psy.D. completed a Psychiatric Review Technique form covering the period November 30, 2000 to January 15, 2009. Tr. 320-32. Dr. Lundblad opined that Breitmeyer was moderately impaired in maintaining concentration, persistence, and pace. Tr. 330. The ALJ did not address Dr. Lundblad's opinion. The ALJ failed to provide specific, legitimate, clear and convincing reasons to reject Dr. Birney's uncontested opinion regarding mental limitations.

The government argues that the ALJ's error is harmless because the ALJ properly limited Breitmeyer to simple routine or semiskilled work, which would account for Dr. Birney's opinion that the claimant's processing speed, ability to recognize missing parts from common objects, graphomotor speed, and visual scanning ability are "mildly defective." Tr. 305. The government

---

attacks) or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id* at 32.

cites no authority for the proposition that a limitation to simple routine or semiskilled work adequately accommodates such limitations.

## CONCLUSION

For these reasons, the ALJ's decision that Breitmeyer was not disabled prior to May 19, 2006, is not based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

Dated this _16_ day of January, 2012.

JAMES A. REDDEN
United States District Judge

7 - OPINION AND ORDER